UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAUNTAE M. KURNEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:17-CV-0607-B |
| | § | |
| GATEWAY HOSPITALITY GROUP, INC., and APPLE OPERATING COMPANY, INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss. Doc. 10. For the reasons that follow, the Court **GRANTS** Defendants' Motion.

## I.

## BACKGROUND[1]

This is a gender discrimination and retaliation case. Plaintiff Shauntae M. Kurney filed suit against Defendants, her former employers, alleging that she was terminated in violation of Title VII of the Civil Rights Act of 1964 after she investigated a sexual harassment claim reported to her by a subordinate. Doc. 1, Pl.'s Compl., ¶ 11–15. Defendants filed a Motion to Dismiss under Rule 12(b)(6), arguing that Kurney had failed to state a gender discrimination or retaliation claim. Doc.

---

[1] The Court draws its factual account from the initial pleadings as well as the parties' briefing on the Motion at issue. Any contested fact is identified as the allegation of a particular party.

10, Defs.' Mot. to Dismiss, 1–2. In her response, Kurney conceded that she failed to state a gender discrimination claim. Doc. 14, Pl.'s Resp., 1. Thus, the only issue before the Court is whether Kurney plausibly pleaded a retaliation claim.

## II.

## LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes a court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." *Id.* 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). The court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged — but it has not shown — that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and

alterations omitted).

## III.

## ANALYSIS

Defendants claim that Kurney failed to state a retaliation claim because she failed to allege that she participated in protected activity. Doc. 10, Defs.' Mot. to Dismiss, 4–5. Specifically, Defendants argue that the investigation into the sexual harassment allegation that Kurney conducted was merely an internal investigation and not a statutory investigation under Title VII. *Id.* Kurney responds that her investigation was connected to a statutory investigation, but offers only the fact that she was investigating a sexual harassment allegation to substantiate that claim. Doc. 14, Pl.'s Resp., 4.

A Plaintiff alleging a Title VII retaliation claim must plead "(1) that she engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse employment action." *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996). Protected activity is either "oppos[ing] any practice made an unlawful employment practice by [Title VII] or . . . ma[king] a charge, testif[ying], assist[ing], or participat[ing] in any manner in an investigation, proceeding or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a). "The first of these [examples] is known as the 'opposition clause;' the second as the 'participation clause.'" *E.E.O.C. v. Rite Way Serv. Inc.*, 819 F.3d 235, 239 (5th Cir. 2016).

Plaintiff states that the opposition clause is inapplicable in her case but that the participation clause applies because she investigated a sexual harassment claim. Doc. 14, Pl.'s Resp., 3–4. Defendants argue that the participation clause is also inapplicable because that clause applies only to participation in formal Equal Employment Opportunity Commission (EEOC) proceedings and

Kurney failed to plead that there were any such formal proceedings. Doc. 10, Defs.' Mot. to Dismiss, 4–5; Doc. 15, Defs.' Reply, 2–3.

The Fifth Circuit has noted that "every court of appeals to have considered this issue squarely has held that participation in an internal employer investigation not connected with a formal EEOC proceeding does not qualify as protected activity under the participation clause." *Rite Way Serv. Inc.*, 819 F.3d at 239 n.2 (internal quotation marks and citations omitted). But after the *Rite Way* decision, the EEOC issued its Enforcement Guidance on Retaliation and Related Issues that notes that "[t]he Commission and the Solicitor General have long taken the view that . . . serving as a voluntary or involuntary witness, or otherwise participating in an employer's internal complaint or investigation process . . . is covered under the broad protections of the participation clause." EEOC Directive No. 915.004, *EEOC Enforcement Guidance on Retaliation and Related Issues* (Aug. 25, 2016), available at https://www.eeoc.gov/laws/guidance/retaliation-guidance.cfm#_ftnref27.

But the Court need not determine here whether a plaintiff must plead participation in a formal EEOC proceeding or whether participation in an internal investigations counts as protected activity because Kurney has failed to adequately plead there was any type of investigation. Kurney pleaded that she told the employee who made the sexual harassment claim that she "would investigate the complaint, and that if it was necessary, she would raise the issue with corporate human resources." Doc. 1, Pl.'s Compl., ¶ 13. She does not plead that she did investigate the complaint or raise the issue with human resources. The only action Kurney took was to ask the employee to submit a written statement, but she doesn't even plead that the employee ever did so. *See id.* And while she pleads that she discussed the complaint with her housekeeping supervisor, she also pleads that the supervisor "believed the complaint should be investigated properly." *Id.* ¶ 14.

These facts indicate Kurney contemplated initiating an investigation, but fail to demonstrate there was an actual investigation. Therefore, the Court finds that Kurney has not plausibly pleaded that she participated in an investigation under Title VII. Thus, as currently pleaded, her retaliation claim fails.

## IV.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Motion to Dismiss. Doc. 10. Plaintiff may file an amended complaint no later than **Monday March 5, 2018** that addresses the deficiencies discussed herein.

**SO ORDERED.**

    **SIGNED: February 5, 2018.**

 

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE